ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 13 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY M. LYONS

    Plaintiff,

v.

CITY OF McDONOUGH, GEORGIA, and
McDONOUGH POLICE DEPARTMENT,

    Defendants

CIVIL ACTION FILE NO.

**1:13-CV-0805 SCJ**

## COMPLAINT

Comes Now Plaintiff Gregory M. Lyons, by and through undersigned counsel, and brings this Complaint against Defendants City of McDonough, Georgia (Defendant City) and the McDonough Georgia Police Department (Defendant McDonough PD or MPD) under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et. seq. (FLSA) for Defendant's willful failure to pay Plaintiff's overtime compensation set forth herein and states as follows:

1

## JURISDICTION AND VENUE

1.

Plaintiff respectfully submits that jurisdiction is proper in this matter based upon the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. This dispute involves predominant issues of federal law, involving claims arising out of unlawful employment practices described herein during Plaintiff's employment with the City of McDonough Police Department, operated by Defendant City of McDonough. Said unlawful employment practices involve actions arising under the federal Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201 *et.seq.*

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), 29 U.S.C. §216(b) and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices allege in the verified complaint occurred in this District.

## PARTIES

3.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant City of McDonough ("City") is a municipality chartered by the State of Georgia and located in Henry County, Georgia, and may be served through its Mayor Billy Copeland, at 136 Keys Ferry Street, McDonough, Georgia, 30253. Defendant McDonough is subject to the jurisdiction and venue of this Court.

5.

Defendant McDonough PD ("MPD") is a municipal government agency located in Henry County, Georgia and may be served through its Chief of Police, Preston Dorsey, at 88 Keys Ferry Street, McDonough, Georgia, 30253. Defendant McDonough PD is subject to the jurisdiction and venue of this Court.

6.

Each Defendant is an 'employer' as this term is defined in the FLSA because it has the power to control and does control the work of its employees, has the power to hire and fire employees, and controls employees' work schedules and conditions of employment.

## FACTUAL ALLEGATIONS

7.

Plaintiff was hired as a police officer with McDonough PD in October 2001.

8.

At least since September of 2007 and until about 2012, Plaintiff was required to work as a canine officer for the benefit of the department, without being properly compensated. Even after the issue was raised with the Defendants, in connection with the requirements of the Fair Labor Standards Act (FLSA), Plaintiff has not been properly compensated as required.

9.

Plaintiff was and is required, as a canine officer, to maintain and train the canines that the Plaintiff uses for the benefit of the City. This has and does result in the Plaintiff working in excess of 86 hours in a 14 day period for the benefit of the City.

10.

At all times material to this complaint, Plaintiff has performed regular first responder law enforcement duties such as responding to calls for police service, patrolling and making arrests. He does not direct the work of any other employee and has no management, administrative or executive duties.

11.

Defendants, collectively, managed, controlled, and directed the tasks, hours, schedule, and manner of payment for plaintiff during his time as a canine officer, working for the benefit of the Defendants.

12.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §207 and/or §213.

13.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times his hourly rate for each of worked in excess of 86 hours in a 14 day consecutive work week.

14.

Defendants knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

15.

Upon information and belief, when the Defendants were not paying Plaintiff the overtime wage differential as required by federal law, they were not relying on

any documentation from the Department of Labor, or a federal court, that indicated that Plaintiff was not entitled to be paid for the hours in question.

16.

Upon information and belief, when Defendants were informed that they were not paying overtime as required, they refused to pay any "back pay" due, and began to pay only partial payments of overtime to the Plaintiff for overtime hours he worked.

17.

Defendants' conduct constitute willful violations of 29 U.S.C. §207 and §215 of the FLSA, for the foregoing reasons thus entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. §216.

## CLAIM FOR RELIEF

### Willful Violation of the FLSA's Overtime Provisions

18.

According to the FLSA, "no employer shall employ any of his employees...for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate

not less that one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a). The City and Police Department are allowed, by exceptions under the FLSA, to pay officers their regular rates of pay for up to 86 hours in a 14 day work period, and any hours above the 86 during this 14 day period are required to be paid at one and one half times the regular rate of pay.

19.

The City and MPD's practice of not fully compensating the plaintiff for all overtime hours worked a the rate of "time and a half" violates the FLSA's overtime provisions.

20.

The City and MPD have consistently and willfully refused to abide by the FLSA's overtime provisions and have not adequately compensated the Plaintiff for overtime hours worked.

21.

The Plaintiff seeks monetary damages equaling full back-pay for all overtime hours worked that were not compensated by "time and a half" payments as mandated by the FLSA and an additional amount in liquidated damages.

22.

The Plaintiff seeks monetary damages for all such violations for the preceding three (3) years, as is allowed by 29 U.S.C. §255(a), for the City of McDonough and McDonough P.D.'s willful violations of the FLSA's overtime provisions.

## DAMAGES

### A. Claim for Liquidated Damages

23.

As noted above, the Plaintiff seeks monetary damages for all the City of McDonough and McDonough P.D.'s willful violations of the FLSA's overtime and compensatory time provisions for the preceding three (3) years, as is allowed by 29 U.S.C. § 255(a) for willful violations.

24.

The plaintiff also seeks an additional equal amount in liquidated damages as allowed under 29 U.S.C. § 216(b).

### B. Claim For Reasonable Attorney's Fees And Expenses

25.

Plaintiff also sees his reasonable attorney's fees and expenses as allowed under 29 U.S.C. § 216(b). The Plaintiff notes that the Defendants could easily have avoided paying any of the Plaintiff's attorney's fees and expenses, or liquidated damages for that matter, by paying the plaintiff the money they owed him for overtime hours previously worked.

### C. Claim For Costs And Pre- And Post Judgement Interest

26.

Plaintiff also seeks all costs of this action as allowed under 29 U.S.C. §216.

27.

Plaintiff also seeks all pre- and post-judgment interest on all monetary damages and liquidated damages found to be owed.

WHEREFORE, plaintiff requests that this Court:

1. Grant a trial by jury as to all triable issues of fact;

2. Issue a judgement awarding Plaintiff:

   a. All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. §207;

b. Liquidated damages as provided by 29 U.S.C. §216;

c. Pre-judgement interest on unpaid wages pursuant to 29 U.S.C. §216;

d. Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. §216;

e. Order the Defendants to follow the directives of 29 U.S.C. §201 *et.seq*;

f. Any and all other remedies allowed under the FLSA; and

3. Any and all such other relief the Court allows.

Respectfully submitted this 13th day of March, 2013.

/s/ Grady K. Dukes

Grady K. Dukes
Georgia Bar No. 232465
2155 Highway 42 South
McDonough, Georgia 30252
770-389-5391, ext. 385
770-389-3829 (fax)
gdukes@sspba.org

10