<u>Gregory M. Lyons v. City of McDonough, Georgia, et al.</u>
Civil Action File No. 1:13-cv-00805-SCJ

**Exhibit "1"**

# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between the following Parties: GREGORY M. LYONS (hereinafter "Plaintiff") and THE CITY OF MCDONOUGH, GEORGIA:

## BACKGROUND INFORMATION

A. On March 13, 2013, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Gregory M. Lyons, Plaintiff v. City of McDonough, Georgia and McDonough Police Department, Defendants,* Civil Action No. 1:13-cv-00805-SCJ (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiff.

B. Pursuant to the Litigation, Plaintiff claims that the City of McDonough, Georgia and the McDonough Police Department (hereinafter collectively "Defendants") intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants deny these allegations.

C. Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims by Plaintiff against Defendants and all those to be released in this Settlement Agreement, reciting the following terms and conditions.

D. Plaintiff warrants and represents that he has not assigned any of his claims against Defendants or any other person or entity to be released in this Settlement Agreement and that no attorneys other than Grady K. Dukes and Donald English from Southern States PBA, Inc., have a claim for attorneys fees and/or costs arising from Plaintiff's claims released in this Settlement Agreement.

E. This Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims against the Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of its officials, directors, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## **STATEMENT OF AGREEMENT**

The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

1.  <u>Consideration</u>.  In consideration of this Settlement Agreement and Release and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of **Fourteen Thousand Seven-Hundred Sixty-One Dollars and Eighty-Seven Cents** ($14,761.87), less applicable deductions and withholdings, payable as follows by delivery to the attention of Plaintiff's counsel of record (subject to the provisions of Sections 2-4, below):

    a.  **$4,000.00** (less withholdings and deductions) payable to Plaintiff for unpaid wages, which must be received by Plaintiff's counsel on or before fourteen (14) days (or the next business day if such day is a weekend or bank holiday) after the Litigation is dismissed with prejudice;

    b.  **$4,000.00** (with no withholdings or deductions) payable to Plaintiff for FLSA liquidated damages, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above;

    c.  **$6,761.87** payable to Southern States Police Benevolent Association, Inc., for attorney's fees and costs, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a) above.

The settlement amounts paid to Plaintiff for his alleged unpaid wages in Section (a) shall be paid by check payable to Plaintiff in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments").  The settlement amount paid to Plaintiff for his alleged FLSA liquidated damages in Section (b) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiff in the amounts stated above and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent.  Plaintiff represents and warrants that the payments set forth in Section (a) and (b) constitute payment of one hundred percent (100%) of Plaintiff's claims for

alleged unpaid back wages and unpaid liquidated damages under the FLSA net of any attorney's fees and costs. The settlement amounts paid to Plaintiff's counsel of record for fees and costs under Section (c) constitute payment of Plaintiff's attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be a 1099 Payment paid in a check made payable to Southern States PBA, Inc. in the amount stated above and reported in box # 14 on IRS Form 1099-MISC. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Prior to any payments set forth above, Plaintiff's counsel shall provide Defendants with an IRS form W-9 reflecting Plaintiff's counsel's tax identification number.

2. <u>Settlement Approval</u>. All Parties agree that, upon execution of this Agreement, through the use of the joint motion attached hereto as Attachment A, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within fourteen (14) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

3. <u>Dismissal</u>. Upon judicial approval of the Agreement and Plaintiff's receipt of the payments, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment B, with the court within two (2) business days.

4. <u>Non-Disparagement.</u> The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

5. <u>Entire Release</u>. Plaintiff affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement.

6. <u>Amendments</u>. Any modification or change to this Agreement must be made in writing and signed by all Parties.

7. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

8. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of six (6) pages effective August __, 2013.

**Gregory M. Lyons**

Date: _____    s/Gregory M. Lyons_____
                                Gregory M. Lyons

_____
Sworn to and subscribed before me,
this _____ day of August 2013.

_____
        Notary Public
My commission expires:_____
     (NOTARIAL SEAL)

              s/Grady K. Dukes
              Grady K. Dukes
              Georgia Bar No. 232465
              Donald C. English
              Georgia Bar No. 248875

**Southern States PBA, Inc.**
2155 Highway 42 South
McDonough, Georgia 30252
Telephone: (770) 389-5391
Facsimile:  (706) 389-3829

Attorneys for Plaintiff Gregory M. Lyons


              **City of McDonough, Georgia**

Date: _____   s/City of McDonough, Georgia
              City of McDonough, Georgia

              By: _____
              Its: _____